Filed 4/3/15  P. v. Maldonado CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JULIO ROBERTO MALDONADO,<br><br>    Defendant and Appellant. | H041370<br>(Monterey County<br>Super. Ct. No. SS131991) |

In May 2013, defendant Julio Roberto Maldonado was an inmate at Salinas Valley State Prison.  On the afternoon of May 21, a correctional officer observed that defendant was late returning from the yard to his housing unit.  When inmates return to their units, they are subjected to a pat search.  A pat search does not include the "groin area." Defendant attempted to return with a group of inmates from a different unit.  Because the correctional officer considered this to be "odd behavior," defendant was instructed to wait at a specific location until all of the other inmates had been "processed in." Defendant did not remain at the specified location.  Instead, he walked "very fast" toward "the urinals" in the yard.

Since inmates were known to conceal contraband in the "urinals," defendant was detained and handcuffed by a correctional officer.  One of the officers asked defendant why he was going to the urinals.  Defendant did not respond.  He was taken to a secure

area and subjected to "a[n] under clothes body search" (a strip search) of his person. His boxer shorts contained "an inmate manufactured weapon" that had been "tied to a string" and put inside a "white sleeve" that hung in the groin area of the boxer shorts. The weapon was a hard, six-inch-long piece of black "melted plastic" that had been "sharpened to a clear point" at one end. The weapon was capable of use as a stabbing instrument to inflict a life-threatening "penetrating wound." The "sleeve" also contained a handwritten note wrapped in plastic.

Defendant was charged by information with possession of a dirk, dagger, or sharp instrument in prison (Pen. Code, § 4502, subd. (a)), and the information further alleged that he had suffered five prior strike convictions (Pen. Code, § 1170.12). Defendant's *Pitchess*[1] motion was denied on the ground that he had failed to make the requisite minimal showing. He also made a pretrial motion to dismiss the strike allegations under Penal Code section 1385. Defendant, who had a history of committing violent felony offenses, was serving a "Three Strikes" sentence when he committed the current offense, and he had been repeatedly disciplined in prison. His motion was denied.

The strike allegations were bifurcated, and defendant admitted them. Defendant presented no witnesses at his jury trial. The jury returned a guilty verdict. The court imposed a sentence of 25 years to life to be served consecutive to the sentences that defendant was currently serving. Defendant timely filed a notice of appeal.

Appointed appellate counsel has filed an opening brief which states the case and the facts but raises no issues. Defendant was notified of his right to submit written argument on his own behalf but has failed to avail himself of the opportunity. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we have reviewed the entire record and have concluded that there are no arguable issues on appeal.

The judgment is affirmed.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

                                                _____

                                                Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Márquez, J.

3